IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| John Doe, et al., | : |
| Plaintiff, | : Case No. 1:15-cv-570 |
| vs. | : Judge Susan J. Dlott |
| | Magistrate Karen L. Litkovitz |
| John Husted, Ohio Secretary of State, et al., | : |
| Defendants. | : |

**<u>DEFENDANTS RESPONSIBLEOHIO, IAN JAMES AND THE STRATEGY NETWORK LLC'S ANSWER TO COMPLAINT AND CROSS CLAIMS</u>**

NOW COME Defendants, ResponsibleOhio, Ian James and The Strategy Network, LLC, by and through counsel, and for their Answer to Plaintiff's Complaint and Cross Claim against Co-Defendants Husted and Bowers, state as follows:

1. Defendants admit the allegations in Paragraph 1 of Plaintiff's Complaint.

**<u>JURISDICTION</u>**

2. Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

**<u>PARTIES</u>**

5. Defendants neither admit nor deny the allegations in Paragraph 5 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

6. Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in Paragraph 10 of Plaintiff's Complaint.

## CLASS ACTION

11. Defendants neither admit nor deny the allegations in Paragraph 11 of Plaintiff's Complaint as they are without sufficient knowledge to formulate a response.

12. Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations in Paragraph 15 of Plaintiff's Complaint.

## STATEMENT OF THE CASE

16. Defendants admit the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendants admit the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendants admit the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendants admit the allegations in Paragraph 28 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS

### COUNT ONE:
### Violation of First Amendment Rights Under 42 U.S.C. § 1983

29. Defendants do not answer Paragraph 29 of Plaintiff's Complaint as it contains no factual allegations against them.

30. Defendants admit the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendants admit the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendants admit the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants admit the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants admit the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendants admit the allegations in Paragraph 36 of Plaintiff's Complaint.

### COUNT TWO:
### Violation of Fourth Amendment Rights Under 42 U.S.C. § 1983

37. Defendants do not answer Paragraph 37 of Plaintiff's Complaint as it contains no

factual allegations against them.

38. Defendants admit the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants admit the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendants admit the allegations in Paragraph 40 of Plaintiff's Complaint.

## COUNT THREE:
## Civil Rights Conspiracy Under 42 U.S.C. § 1985

41. Defendants do not answer Paragraph 41 of Plaintiff's Complaint as it contains no factual allegations against them.

42. Defendants deny any intent, design, purpose or conspiracy to violate the Plaintiff's constitutional rights. Notwithstanding, Defendants admit that, if they are compelled or forced to respond to the Bowers subpoenas, the resulting disclosures and production would violate Plaintiff's constitutional rights.

43. Defendants deny any intent, design, purpose or conspiracy to violate the Plaintiff's constitutional rights. Notwithstanding, Defendants admit that, if they are compelled or forced to respond to the Bowers subpoenas, the resulting disclosures and production would violate Plaintiff's constitutional rights.

## COUNT FOUR:
## Violations of Ohio Constitution

44. Defendants do not answer Paragraph 44 of Plaintiff's Complaint as it contains no factual allegations against them.

45. Defendants do not answer Paragraph 45 of Plaintiff's Complaint as it contains no

factual allegations against them.

WHEREFORE, Defendants ResponsibleOhio, Ian James and Strategy Network hereby request this Honorable Court to find that the Bowers subpoenas and actions of Defendants Bowers and Husted violate the constitutional rights of Plaintiff, further request this Honorable Court to prohibit and enjoin enforcement of the subpoenas as against these Defendants and request this Honorable Court to award costs and attorneys' fees so wrongfully incurred by these Defendants.

## CROSS CLAIMS

NOW COME Defendants ResponsibleOhio, Ian James and The Strategy Network, LLC, and for their Cross Claims against Co-Defendants Husted and Bowers, state as follows:

1. Defendants reincorporate and reallege all of the allegations in Plaintiff's Complaint and all of Defendants' responses, admissions, denials and defenses, as if fully set forth herein and in each succeeding section and count of this Cross Claim.

## COUNT ONE:
### Violation of First Amendment Rights Under 42 U.S.C. § 1983

2. The United States Supreme Court has held that corporate entities enjoy the same constitutional rights to free speech and association as private individuals. *Citizens United v. Federal Election Commission,* 558 U.S. 310 (2010).

3. Defendants ResponsibleOhio, Ian James and Strategy Network have a First Amendment right to engage in political debate and dialogue and to exchange information on important political topics without fear that their political debate and

communications will be exposed by the government. These First Amendment rights create an associational privilege against discovery of protected political associations, affiliations and communication.

4. The Bowers subpoenas seek information and communications protected by the First Amendment. The subpoenas also impose a chilling effect on future communication to and from Defendants ResponsibleOhio, Ian James and the Strategy Network on whether and how to legalize marijuana usage, as well as actively discouraging individuals from volunteering with the organizations for fear that their identities and communications may be exposed to the government. Further, Defendant's Husted and Bowers' threats of criminal prosecution of Defendants for failure to comply with the unconstitutional subpoenas imposes a further chilling effect on, and specifically violates, their First Amendment rights. (See Bowers' Correspondence of September 2, 2015, attached hereto as Exhibit A).

5. Defendants Husted and Bowers cannot demonstrate any compelling need for the information sought in the subpoenas because the protected political communications of supporters and their identities is not relevant to any investigation of possible election law violations.

6. The Bowers subpoenas, therefore, violate the First Amendment to the United States Constitution and their enforcement must be enjoined.

## COUNT TWO:
## Violation of Fourth Amendment Rights Under 42 U.S.C. § 1983

7. Defendants have rights secured by the Fourth Amendment to be free from unreasonable searches and seizures and, more specifically, compelled administrative searches that are unsupported by probably cause to believe that a crime has occurred.

8. The Bowers subpoenas seeks to seize communications and information that does not constitute evidence of a crime or probable cause to believe a crime has occurred, despite Defendants Husted and Bowers' threats of criminal prosecution for non-compliance.

9. The Bowers subpoenas therefore violate the Fourth Amendment prohibition against unreasonable searches and seizures.

## COUNT THREE:
## Violations of the Ohio Constitution

10. Defendants ResponsibleOhio, Ian James and Strategy Network plead each of the foregoing federal constitutional claims in the alternative as claims under the Ohio Constitution.

## COUNT FOUR:
## Abuse of Process under Ohio Law

11. Defendants Husted and Bowers' actions in propounding the subpoenas on Defendants and threatening criminal prosecution for non-compliance violate Ohio law.

12. Although the legal proceedings instituted by Defendants Husted and Bowers under the applicable Ohio Election Laws and Ohio Statutes empowering Husted to

investigate election irregularities may have been instituted with a proper purpose, those proceedings have been perverted to attempt to accomplish an ulterior motive for which the proceedings were not designed. Specifically, the proceedings have been perverted to discourage, threaten and violate the constitutional rights of Defendants, Plaintiff and the putative class and all supporters of the legalization of marijuana in Ohio.

13. This wrongful use of process by Defendants Husted and Bowers has proximately resulted in harm to the Defendants and their supporters.

WHEREFORE, Defendants ResponsibleOhio, Ian James and Strategy Network hereby request this Honorable Court to enter judgement in their favor on the above Cross Claims, enter temporary and permanent restraining orders against the enforcement of the subpoenas at issue, award compensatory damages for the harm caused by Defendants Husted and Bowers, award reasonable attorneys' fees and costs pursuant to all applicable law, including 42 U.S.C. § 1988, and award any and all other relief in law or equity that this Honorable Court deems just and proper.

Respectfully submitted,

/s/ Larry H. James
Larry H. James, Esq.   (0021773)
Christina L. Corl, Esq. (0067869)
Crabbe, Brown & James, LLP
500 South Front Street, Suite 1200
Columbus, OH 43215
(t):   614-229-4567
(f):   614-229-4559

8

                (e):    ccorl@cbjlawyers.com
                (e):    ljames@cbjlawyers.com
*Attorneys for Defendants,*
*The Strategy Network, LLC,*
*Responsible Ohio and Ian James*

## CERTIFICATE OF SERVICE

I hereby certify that on this **4th day of September, 2015**, I filed the foregoing with the Clerk of Court which will send notification of such service and subsequent filing to all counsel via the Court's Electronic Filing System.

/s/ Larry H. James
Larry H. James, Esq.   (0021773)
*Attorneys for Defendants,*
*The Strategy Network, LLC,*
*Responsible Ohio and Ian James*

# DAVID E. BOWERS
### ATTORNEY AT LAW
410 COLONIAL BLDG. - 212 N. ELIZABETH ST.
LIMA, OHIO 45801-4374
bowerslaw@wcoil.com

TELEPHONE: (419) 229-4077                             FAX: (419) 228-6214

September 2, 2015

Larry James, Esq.
Crabbe Brown & James
500 S. Front St. Suite 1200
Columbus, OH 43215

*VIA EMAIL AND U.S. MAIL*

**RE: <u>Investigation of potential fraud surrounding Issue 3</u>**

Dear Mr. James:

This letter is in response to the letter I received from you yesterday. I hope to make clear to you and your clients (Ian James, Stephen Letourneau, The Strategy Network and Responsible Ohio) our authority to act in this matter, the seriousness of our purpose, and the steps we intend to take to lawfully carry out our duties as set forth to us by the Secretary of State.

As you know, the Secretary of State is Ohio's chief elections officer. State law grants him, among other things, the power to "administer oaths, issue subpoenas, summon witnesses, compel the production of books, papers, records, and other evidence, and fix the time and place for hearing any matters relating to the administration and enforcement of the election laws" R.C. 3501.05 (EE). He has delegated that power to me and also to my fellow special investigators from the litigation section at Isaac, Wiles, Burkholder & Teetor.

We are thus empowered to investigate and report to the appropriate prosecution authorities evidence of election law violations, including potential fraud under Title 35 of the Ohio Revised Code. In many case, violations of these statutes could be indicted as felonies.

We began our investigation by asking you to make your clients available for sworn depositions. While you did provide Ian James for deposition, the objections raised by your co-counsel during that deposition were, in many cases, improper and without support in law, the rules of evidence, or other court rules. For example, your co-counsel instructed your client to refuse to answer multiple questions without raising any credible argument for privilege. The seriousness of this investigation does not allow us to countenance concealment of facts in this or any other way

Yet the lack of full cooperation during that deposition is just the beginning of our concerns. We first attempted service of Ian James and Stephen Letourneau on July 29, 2015. Since that time,


DEFENDANT'S EXHIBIT A

you and your clients have been properly served with lawful subpoenas *duces tecum*. Your clients have, nevertheless, largely rebuffed this process and largely refused to even attempt to cooperate with this lawful subpoena *duces tecum*.

The most recent evidence of this lack of cooperation was outlined in the letter you sent me yesterday, in which you denied our investigation access to nearly every category of record requested. Your generalized references to our subpoena *duces tecum* as being "overbroad" with vague allusions to "protection of affiliation and association" [sic] is not a proper response to an administrative subpoena from a duly authorized constitutional office.

Your clients' lack of cooperation is squarely at odds with your co-counsel's on-the-record statement of August 10, 2015 wherein he told me "I think maybe the Secretary is really serious that there may be some fraud here and we want to cooperate with that" and "we want to be cooperative."

To be clear: R.C. 3599.37(A) makes it a crime for any person to "refuse to answer a question pertinent to the matter under inquiry or investigation." That same statue makes it a crime for any person to "[r]efuse to produce, upon reasonable notice, any material, books, papers, documents or records in that person's possession or under that person's control." Each offense is punishable by a fine of up to $1,000.00 and a jail sentence of up to 180 days.

Therefore, notwithstanding the response you sent to me denying access to the records we need for our investigation, **the records under subpoena must still be produced and failure to do so constitutes a crime**.

Ian James, Stephen Letourneau and The Strategy Network make their living at processing, verifying, copying and providing large collections of documents to the Secretary of State's office. Indeed, they routinely do so on a very short timetable. With respect to the records now due under our subpoena, your clients have already had more than a month to gather the records and provide them to us.

This letter will also provide notice to you that **we are suspending our deposition subpoenas to Ian James and Stephen Letourneau for September 3rd and 4th** due to your clients' obstinacy. We will, of course, provide you a new deposition subpoena and a new deposition date(s) in the near future. We will expect that, having caused this delay by your dilatory response to our document subpoenas, you will make these witnesses available immediately after you remedy your inadequate answers to the document subpoenas.

We understand that you claim that some of the records in our previous subpoena *duces tecum* may be confidential or trade secrets. As we have already discussed, we are certainly willing to work with you to craft an appropriate protective order to address any concerns in that regard. This office has no interest in publicizing legitimate trade secrets.

**All records previously requested under our subpoena *duces tecum* are due no later than 8 a.m. Tuesday September 8, 2015 on the 15th floor of the Secretary of State's office**. The

objections you raised are insufficient and improper. If your clients fail to comply with this deadline, we **will** take enforcement action.

Very truly yours,

*David E. Bowers*

David Bowers, Esq.