IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| JOHN DOE, | : | Case No. 1:15cv570 |
| On His Own Behalf and On Behalf | | Judge Dlott |
| Of All Those Similarly Situated, | : | |
| c/o Jennifer M. Kinsley, Esq. | | |
| Kinsley Law Office | : | |
| Post Office Box 19478 | | |
| Cincinnati, Ohio 45219, | : | |
| | | |
| And | : | |
| | | |
| JOHN DOE TWO, | : | |
| On His Own Behalf and On Behalf | | |
| Of All Those Similarly Situated, | : | |
| c/o Jennifer M. Kinsley, Esq. | | |
| Kinsley Law Office | : | |
| Post Office Box 19478 | | |
| Cincinnati, Ohio 45219, | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| V. | : | |
| | | |
| JON HUSTED, Ohio Secretary of State, | : | |
| In His Official Capacity Only, | | |
| 180 East Broad Street, 16th Floor | : | |
| Columbus, Ohio 43215, | | |
| | : | |
| DAVID BOWERS, Special Investigator, | | |
| In His Official Capacity Only, | : | **FIRST AMENDED** |
| 410 Colonial Building | | **CLASS ACTION** |
| 212 North Elizabeth Street | : | **COMPLAINT FOR** |
| Lima, Ohio 45801, | | **DECLARATORY AND** |
| | : | **INJUNCTIVE RELIEF** |
| THE STRATEGY NETWORK LLC, | | |
| An Ohio Limited Liability Company, | : | |
| 1349 North Broad Street | | |
| Columbus, Ohio 43205, | : | |
| | | |
| RESPONSIBLEOHIO, | : | |
| 545 East Town Street | | |
| Columbus, Ohio 43215, | : | |

1

| | |
|---|---|
| IAN JAMES, | : |
| 1349 East Broad Street | |
| Columbus, Ohio 43205, | : |
| And | : |
| STEPHEN LETOURNEAU, | : |
| 1349 East Broad Street | |
| Columbus, Ohio 43205, | : |
| Defendants. | : |

Now come Plaintiffs John Doe and John Doe Two, who, on their own behalves and on behalf of all others similarly situated, complain against Defendants Jon Husted, Ohio Secretary of State, and David Bowers, Special Investigator, in their official capacities only, and against Defendants The Strategy Network, ResponsibleOhio, Ian James, and Stephen Letourneau as follows:

**PRELIMINARY STATEMENT**

1. This is an action under the Constitution and laws of the United States asserting that Defendants Jon Husted, the Ohio Secretary of State, and David Bowers, his appointed Special Investigator, have engaged in an intentional, relentless, unlawful, and content-based campaign to violate the constitutional rights of individuals who actively engaged in the reform of Ohio's marijuana laws. Beginning with Bowers' appointment in late July 2015 and culminating with the issuance of numerous overly-broad and invasive subpoenas, the Secretary of State and his Special Investigator have sought to expose the identities and privileged communications of hundreds if not thousands of Ohioans who have participated in this important legislative effort. Reminiscent of McCarthyism, the subpoenas – which were and are directed to the political action committee and a private political strategy group behind the marijuana legalization ballot initiative – seek to uncover voluminous stored electronic and written communication, campaign

documents and literature, and other private and personal information wholly protected by the First Amendment rights of political association and free expression. Through this lawsuit, Plaintiffs John Doe, a Hamilton County resident and supporter of legalized marijuana who has both sent and received communication covered by the subpoena, and John Doe Two, an employee of an independent contractor who provides professional services to the marijuana legalization campaign, seeks to enjoin the disclosure of their private political speech and the political thoughts, beliefs, and ideologies of countless other individuals to the government.

## JURISDICTION

2. This is a lawsuit authorized by law to redress deprivations, under color of state law, of rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § § 2201 and 2202; and by 42 U.S.C. § 1983.

3. Plaintiffs also state causes of action under the Constitution and laws of the State of Ohio. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

4. Venue in this Court is appropriate under Local Rule 82.1(g) because a substantial amount of the events giving rise to the claim occurred in Hamilton County within the Southern District of Ohio, Cincinnati Division and the harm Plaintiffs John Doe and John Doe Two will suffer if their communication is disclosed will occur in the Cincinnati Division of the Southern District of Ohio.

## PARTIES

5.      Plaintiff John Doe is a resident of Hamilton County, Ohio who supports the decriminalization of marijuana. Over the past year, Doe has sent numerous communications from his residence and other locations in Hamilton County to agents of the ResponsibleOhio political action committee regarding its efforts to amend the Ohio Constitution to permit marijuana usage in the state. Doe has also actively received communications from ResponsibleOhio on this issue at his home and in other locations in Hamilton County. Doe has also accessed online resources maintained by ResponsibleOhio from his computer and other devices. Recognizing that the issue is controversial and that some members of the public stigmatize supporters of legalized marijuana, Doe has carefully guarded his support for the movement. John Doe did not personally participate in the signature-gathering effort in order to place the marijuana legalization issue on the Ohio ballot, nor does he have first-hand personal knowledge of the signature-gathering process employed by The Strategy Network.

6.      Plaintiff John Doe Two is a Hamilton County, Ohio resident who supports the decriminalization of marijuana. He works in a profession where his skills and services are relevant to this important political issue, and he has been actively involved in the movement to decriminalize marijuana in Ohio over the past year in both a personal and professional capacity. He is presently employed by a company which functions as an independent contractor to ResponsibleOhio and/or The Strategy Network. John Doe Two did not personally participate in the signature-gathering effort in order to place the marijuana legalization issue on the Ohio ballot, nor does he have first-hand personal knowledge of the signature-gathering process employed by The Strategy Network.

7. Defendant Jon Husted is the elected Secretary of State for the State of Ohio. Secretary Husted maintains the statutory power to investigate the administration of election laws, frauds, and irregularities in any county and to report potential violations of election law to the attorney general or prosecuting authority. *See* Ohio Rev. Code. § 3501.05(N). At all times relevant to this Complaint, Secretary Husted has acted under color of state law in executing his statutory investigatory powers.

8. Defendant David Bowers is a Lima, Ohio attorney who was appointed by Secretary Husted to serve as a Special Investigator and to investigate potential elections fraud in conjunction with Issue 3, a ballot measure designed to legalize marijuana usage in the State of Ohio. According to a July 29, 2015 press release issued by Husted's office, Bowers was formerly the prosecuting attorney for Allen County, where he served as the longest-tenured prosecutor in the state and maintained a 90 percent conviction rate. At all times relevant to this Complaint, David Bowers has acted under color of state law in executing the investigatory powers delegated to him by Secretary Husted.

9. Defendant The Strategy Network LLC, an Ohio limited liability company, is a full-service political consultancy that touts its services in pursuing grassroots ballot campaigns and constitutional amendments. The Strategy Network website lists Defendant ResponsibleOhio's initiative to legalize marijuana in Ohio as one of its current projects. It is presently seeking to hire Team Leaders and Petitioners in the Cincinnati area to assist with the ResponsibleOhio ballot initiative.

10. Defendant ResponsibleOhio is the registered Ohio political action committee that is leading the marijuana legislation reform movement in the state. ResponsibleOhio, through its

work with The Strategy Network, has collected sufficient signatures to place an initiative on the November 3, 2015 ballot which will legalize marijuana possession and growth.

11.     Defendant Ian James is the Chief Executive Office of The Strategy Network and Executive Director of ResponsibleOhio.  Upon information and belief, he retains records, both in document and electronic form, of communication to and from supporters of the marijuana legalization movement.  Upon information and belief, he also maintains access to volunteer records, website username information, and the identities of countless individuals involved in the effort to reform Ohio's marijuana laws.

12.     Defendant Stephen Letourneau is the Chief Operating Office of The Strategy Network.  Upon information and belief, he retains records, both in document and electronic form, of communication to and from supporters of the marijuana legalization movement.

## CLASS ACTION

13.     Plaintiffs John Doe and John Doe Two bring this action pursuant to Fed. R. Civ. P. 23(b)(2) on behalf of themselves and all others similarly situated.  The proposed class of plaintiffs consists of all individuals whose identities, communication, and/or political campaign materials and documents have been sought by the Secretary of State's investigation.

14.     The members of the class are so numerous that joinder of all members is impractical. In fact, Doe and Doe Two believe that the number of individuals who contributed communication to or received communication from ResponsibleOhio and/or The Strategy Network and whose communication would be covered by the Bowers subpoena and/or the September 9, 2015 subpoenas is in the thousands if not tens of thousands.

15.     There are common questions of law and fact between the members of the proposed Plaintiff class regarding the constitutionality of the Bowers and September 9, 2015

subpoenas and whether the First, Fourth, and Fourteenth Amendments protect the class members' communication and identities from being disclosed to the government.

16. The named Plaintiffs, John Doe and John Doe Two, will fairly and adequately protect the interests of the member class. So too will Plaintiffs' counsel, an experienced civil rights and First Amendment attorney with extensive class action experience, adequately advance the interests of the Plaintiff class.

17. The Plaintiff class is proper under Fed. R. Civ. P. 23(b)(2) because all Defendants have acted on grounds generally applicable to the class, thereby making declaratory and injunctive relief appropriate for the class as a whole.

## STATEMENT OF THE CASE

18. The status and enforcement of America's drug laws have been the subject of frequent and ongoing political debate for the better part of the last century. In recent years, the discussion over whether to legalize the growth, sale, and use of marijuana in the United States has intensified, resulting in sweeping change in some jurisdictions to the manner in which marijuana is approached under the law. To date, several states have either decriminalized the possession and consumption of marijuana altogether or have legalized its usage to treat certain medical conditions.

19. The State of Ohio has not been immune from this important political issue. In fact, numerous organizations and individuals have lobbied for legislative change around Ohio's marijuana laws in the recent past. One such organization is ResponsibleOhio. Formed approximately a year ago in an effort to garner enough support to place a marijuana legalization initiative on the popular ballot, ResponsibleOhio has been in the forefront of the popular political debate on the issue.

20. As part of its efforts, ResponsibleOhio partnered with The Strategy Network to solicit a sufficient number of signatures to place a constitutional amendment legalizing marijuana on the November 3, 2015 Ohio ballot. To further this campaign, ResponsibleOhio and The Strategy Network created websites and social media accounts in order to spread the word about its political reform efforts. The groups also recruited volunteers to gather signatures and to educate the general public about the benefits of legalized marijuana. Ohio citizens were invited to provide comments to the organizations in order to shape the ongoing political debate, and the groups also circulated information to their members and constituents about the ballot initiative. In tandem, the groups actively engaged in political expression through an ongoing dialogue with their supporters.

21. The effort was a resounding success. In mid-August 2015, Secretary of State Jon Husted announced that ResponsibleOhio had collected sufficient signatures for the issue to be placed on the November 3, 2015 ballot.

22. Since that time, ResponsibleOhio and The Strategy Network, along with numerous consultants, contractors, and volunteers, have engaged in a robust, active, and organized political campaign to ensure that the marijuana legalization initiative passes in the November 2015 election. To this day, the campaign is ongoing. It has included public debates, community engagement efforts, outreach to local and regional government officials, dialogue with the law enforcement community, social media campaigns, advertising, and other political organizing strategies. Each of these efforts is wholly independent of the signature-gathering process, and many of the individuals involved in the political aspects of the campaign have no knowledge of the signature-gathering process or its details.

23. Despite certifying the marijuana legalization issue for the November 2015 ballot, Secretary Husted has expressed ongoing disdain for ResponsibleOhio's political message throughout its year-long existence. In his public comments on the subject, Husted has argued that the initiative is tantamount to a "monopoly" and has resoundingly opposed the idea of legalized marijuana.

24. Notably, even before the ballot initiative was certified, Husted appointed Bowers as Special Investigator to determine whether ResponsibleOhio and The Strategy Network violated Ohio election laws. In his press release announcing Bowers' appointment, Husted touted the former prosecutor's conviction rate and suggested that he would aggressively target any fraud or irregularities committed by the groups. To date, his investigation has centered solely on any potential irregularities in the signature-gathering process and not on the content of the campaign itself. In fact, the Secretary could not lawfully investigate the campaign for its political messaging, as such expression, even if false, is fully protected by the First Amendment.

25. This constitutional protection notwithstanding, the Secretary of State has relentlessly and ruthlessly sought to expose the inner workings of the ResponsibleOhio campaign, including private political dialogue and the identities of the participants, in an effort to disrupt the organization and distract it from the impending election. Since appointing Bowers in July 2015, the Secretary of State has issued numerous administrative subpoenas seeking more and more information and communication about the campaign, has deposed ResponsibleOhio's director and demanded additional depositions, has threatened to criminally prosecute Ian James because his attorney lodged evidentiary objections during his deposition despite lacking the power to do so, and has unilaterally sought to expand his investigatory authority to unlimited and unchartered territory.

26. For example, on August 24, 2015, the Secretary of State's office issued an administrative subpoena duces tecum to Ian James seeking a broad swath of information maintained by ResponsibleOhio and The Strategy Network. *See* Ex. A. The subpoena named a return date of August 27, 2015, a mere three days after it was issued. Upon information and belief, issuance of the subpoena was initiated by Bowers as part of his investigation of the marijuana legalization ballot initiative. Thus, the subpoena will be referenced in this Complaint as the "Bowers subpoena."

27. The Bowers subpoena mandated disclosure of the following categories of information:

- Any and all documents or electronically stored information reflecting communications, to or from ResponsibleOhio and/or Strategy Network, concerning the proposed statewide initiative to amend the Ohio Constitution referred to as Issue 3;

- Any and all documents or electronically stored information related to names of individuals who are or were volunteers and who obtained a username and password through the ResponsibleOhio and/or Strategy Network website; and

- Any and all documents or electronically stored information related to or reflecting names of persons who created usernames and passwords to download petitions from The Strategy Network website.

28. Bowers threatened to prosecute Ian James, ResponsibleOhio, and The Strategy Network if they did not disclose the full range of information sought by the subpoena on or before Tuesday, September 8, 2015. To date, however, no criminal charges have been filed and there is no pending state court action surrounding the investigation.

29. On or about September 8, 2015, Bowers and the Secretary of State, through counsel, withdrew the subpoena. This withdrawal came after this suit was commenced and while a motion for temporary restraining order was pending.

30. Then, on September 9, 2015, the Secretary of State issued a new round of subpoenas, this time permitting redaction of volunteers' identities but still seeking disclosure of a whole host of protected campaign communication and expression. *See* Ex. B. The September 9, 2015 identifies the following documents subject to disclosure:

- Any and all documents or electronically stored information in your possession or under your control reflecting communications, between ResponsibleOhio and/or Strategy Network and their employees concerning the proposed statewide initiative to amend the Ohio Constitution referred to as Issue 3, formerly known as the Marijuana Legalization Amendment, beginning March 13, 2015 through the present day; and

- Any and all documents or electronically stored information in your possession or under your control related to names of individuals and/or entities who are or were employees of ResponsibleOhio and/or Strategy Network beginning March 13, 2015 through the present day for the proposed statewide initiative to amend the Ohio Constitution referred to as Issue 3, formerly known as the Marijuana Legalization Amendment.

The subpoenas also seek to depose Ian James and Stephen Letourneau about unspecified subjects and therefore potentially seek unlimited information about the inner workings of an active political campaign.

31. Upon information and belief, ResponsibleOhio and The Strategy Network employ numerous individuals and entities, including John Doe Two, solely for the purpose of political strategy and organizing who had no participation in the signature-gathering process and have no first-hand knowledge of the signature-gathering process.

32. In his public communication on the subject, Secretary Husted has steadfastly maintained that he is investigating potential irregularities with the signatures that were gathered as part of the ballot petitioning process. To date, however, Husted has failed to demonstrate that even a single signature was fraudulent or the result of criminal activity. Instead, he has levied vague, specious, and unsubstantiated allegations in the media solely to chill the participation of individuals like John Doe and John Doe Two in the marijuana legalization campaign.[1]

33. Neither has Husted even attempted to justify why he is seeking protected campaign communication and the identities of individuals involved in an active and ongoing political campaign that are wholly unrelated to the signature-gathering process. Indeed, Husted can demonstrate no compelling necessity or even legitimate basis for his broad fishing expedition.

34. Prior to Husted's investigation, Plaintiff John Doe both submitted and received communication that is covered by the scope of the subpoena. John Doe's communication

---

[1] For example, on September 15, 2015, Husted told the editorial board of the Cincinnati Enquirer that he had written and verbal reports from campaign employees that the petition signatures included minors and individuals who are dead. *See* Anne Saker, "Hutsed: ResponsibleOhio Workers Say Signatures Were Fraudulent," Cincinnati Enquirer, Sept. 15, 2015. But Husted has never identified exactly which signatures he believes fall into these categories. *Id*. Husted similarly reported to the Enquirer that ResponsibleOhio and The Strategy Network were not cooperating with the investigation, an allegation which is equally unfounded. *Id*. Ian James voluntarily submitted to a deposition on August 10, 2015, and Husted subsequently withdrew the Bowers subpoena after this lawsuit was filed. As such, it is wholly inaccurate to suggest any lack of cooperation on the part of the ResponsibleOhio campaign.

directly relates to an important and timely political topic and the subject of legislative drug policy reform.

35. John Doe has also viewed and used the ResponsibleOhio website and has engaged in online activity that would ostensibly have been subject to disclosure under the Bowers subpoena. John Doe's involvement with the ResponsibleOhio and The Strategy Network's website has been solely for legitimate political purposes, and he has not violated any elections laws by his participation in the reform movement.

36. Recognizing the stigma that is occasionally attached to those who advocate the decriminalization of marijuana, John Doe fears retribution from family, friends, neighbors, and his employer and other associates if his private communications with ResponsibleOhio and The Strategy Network are publicly revealed. John Doe has therefore contemplated restraining his communications to the organization going forward and his been chilled in his participation in the movement so as not to be the target of government overreaching and harassment.

37. Similarly, John Doe Two supports the decriminalization of marijuana. He works in a profession where his skills and services are relevant to this important political issue, and he have been actively involved in the movement to decriminalize marijuana in Ohio over the past year in both a personal and professional capacity. He is presently employed by a company which functions as an independent contractor to ResponsibleOhio and/or The Strategy Network as described in paragraph 1 of the September 9, 2015 subpoenas issued to Ian James and Stephen Letourneau. He did not participate in the signature gathering process and has no first-hand personal knowledge of how signatures were collected, stored, catalogued, or verified.

38. In conjunction with his employment, John Doe Two has been privy to a wide variety of communication involving the marijuana legalization political movement in Ohio. He

has personally contributed both communication and documentation to ResponsibleOhio and/or The Strategy Network concerning the following aspects of the marijuana legalization campaign:

- The pro's and con's of marijuana usage;
- Data and statistics surrounding marijuana usage and criminalization;
- Research on the economic impacts of legalizing marijuana in certain communities;
- Policy-related arguments in favor of and in opposition to legalizing marijuana;
- Talking points for meetings with government officials and community groups; and
- Arguments in response to opponents of the ResponsibleOhio ballot measure.

He has also received communication from other individuals in the campaign on the same subjects.

39. John Doe Two is aware that Ian James and others in the ResponsibleOhio marijuana legalization movement have faced threats of physical harm as a result of their involvement in the campaign. He does not want his identity or the substance of his communication released to the government for fear that it might become public and that he might be subjected to similar threats.

**STATEMENT OF CLAIMS**

**COUNT ONE:**
**Violation of First Amendment Rights**
**Under 42 U.S.C. § 1983**

40. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

41. Plaintiffs John Doe, John Doe Two, and the putative class members retain a protected First Amendment right to associate with political organizations and to do so anonymously.

42. Plaintiffs John Doe, John Doe Two, and the putative class members also retain a fundamental right to participate in political debate and to contribute expression and communication to an ongoing political campaign.

43. Plaintiffs John Doe, John Doe Two, and the putative class members further retain a First Amendment right to engage in political debate and dialogue and to receive information on important political topics without fear that their identities, beliefs, and communication will be exposed by the government.

44. These First Amendment rights create an associational privilege against discovery of protected political associations, affiliations, and communication.

45. The Bowers subpoena and the September 9, 2015 subpoenas seek information and communication protected by the First Amendment associational privilege and are therefore unconstitutional. Equally problematic is the fact that the subpoena imposes a chilling effect on future communication to and from ResponsibleOhio and The Strategy Network on whether and how to legalize marijuana usage, as well as actively discourages individuals from volunteering with the organization for fear their identities may be exposed to the government.

46. The protected political communication of supporters and their identities and online usernames are not necessary or even relevant to any investigation into possible election law violations. In other words, Husted and Bowers can demonstrate no compelling need for the information sought in the subpoena.

47. The Bowers subpoena therefore violates the First Amendment and its issuance and response should be enjoined.

## COUNT TWO:
### Violation of Fourth Amendment Rights
### Under 42 U.S.C. § 1983

48. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

49. Plaintiffs John Doe, John Doe Two, and the members of the putative class maintain a right secured by the Fourth Amendment to be free from unreasonable searches and seizures and more specifically compelled administrative searches that are unsupported by probable cause that a crime has occurred.

50. The Bowers subpoena and the September 9, 2015 subpoena seek to seize communication and information that does not constitute evidence of a crime and is further unsupported by probable cause to believe that any crime occurred.

51. The subpoenas therefore violate the Fourth Amendment prohibition against unreasonable searches and seizures.

## COUNT THREE:
### Civil Rights Conspiracy
### Under 42 U.S.C. § 1985

52. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

53. Should they chose to produce the information sought by the Bowers and September 9, 2015 subpoenas, Defendants ResponsibleOhio, The Strategy Network, Ian James, and Stephen Letourneau would be engaging in state action designed to violate Plaintiffs John Doe and John Doe Two's constitutional rights.

54. Any action Defendants ResponsibleOhio, The Strategy Network, Ian James, and Stephen Letourneau may take in disclosing Plaintiffs' information to Husted and Bowers would be in furtherance of a conspiracy to violate Plaintiffs' civil rights.

## COUNT FOUR:
## Violations of Ohio Constitution

55. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

56. Plaintiffs plead each of the foregoing federal constitutional claims in the alternative as state constitutional claims under the Ohio Constitution.

## COUNT FIVE:
## Ultra Vires Act

57. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

58. Ohio Rev. Code Chapter 3501 governs the scope of the Secretary of State's obligations, powers, and duties with respect to the conduct of public elections. Pursuant to Ohio Rev. Code 3501.05, the Secretary of State has the authority to "investigate the administration of election laws, frauds, and irregularities in any county, and report violations of election laws to the attorney general or prosecuting attorney, or both, for prosecution." The Chapter is silent as to the Secretary of State's authority to discovery privileged campaign communications and materials unrelated to the conduct of an election. As a result, the Secretary of State lacks the statutory authority to investigate the inner workings of a political campaign absent any demonstrated election law violation.

59. The Secretary of State's investigation of ResponsibleOhio, The Strategy Network, and others seeks privileged campaign communications having nothing to do with "election laws, frauds, and irregularities." In fact, the vast majority of the speech the Secretary of State seeks to uncover is wholly unrelated to the ballot petitioning process or the conduct of the election.

60. To the extent the investigation seeks protected communications and documents unrelated to "election laws, frauds, and irregularities," the Secretary of State's actions are *ultra vires* and outside the scope of his authority.

61. The Court should accordingly issue a preliminary injunction precluding the Secretary of State and his Special Investigator from seeking privileged communications from the ResponsibleOhio campaign.

**COUNT SIX:**
**Abuse of process**

62. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

63. Husted and Bowers have set a legal proceeding in motion, namely the issuance of administrative subpoenas, ostensibly under their statutory authority to investigate elections fraud and irregularities.

64. Husted and Bowers have undertaken the administrative subpoena procedures to accomplish an elicit motive, namely to violate the First Amendment rights of the individuals associated with the ResponsibleOhio campaign and to disrupt the campaign from working towards its goal of legalizing marijuana use in Ohio.

65. John Doe, John Doe Two, and the members of the putative class have suffered direct damage to their constitutionally protected civil rights as a result of the Husted and Bowers investigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs John Doe and John Doe Two seek the following relief against Defendants Jon Husted, David Bowers, The Strategy Network, ResponsibleOhio, Ian James, and Stephen Letourneau:

1. Permission for Plaintiffs John Doe and John Doe Two to proceed in pseudonym to protect their right to anonymous political association and expression;

2. Certification of the Plaintiff class described in the Complaint, to be sought by separate motion;

3. A declaration that the Bowers subpoena and September 9, 2015 subpoenas are overly broad and seek disclosure of communication and information that is presumptively protected by the First and Fourteenth Amendments to the United States Constitution and related provisions of the Ohio Constitution;

4. A declaration that the Bowers subpoena and September 9, 2015 subpoenas seek disclosure of information that does not itself constitute a crime or evidence of a crime and constitutes a broad fishing expedition absent probable cause that a crime occurred in violation of the Fourth Amendment and related provisions of the Ohio Constitution;

5. Preliminary and permanent injunctive relief enjoining Defendants Husted and Bowers from issuing any additional subpoenas, either *duces decum* or for personal appearance, seeking to uncover the First Amendment-protected campaign communication of ResponsibleOhio and The Strategy Network and the identities of the individuals involved in First Amendment-protected campaign communication with these entitites;

6. An award of Plaintiffs' reasonable attorney fees and costs pursuant to 42 U.S.C. 1988; and

7. Any such other relief in law or equity that this Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY
(Ohio Bar No. 0071629)
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
Kinsleylawofffice@gmail.com

Counsel for Plaintiffs John Doe and John Doe Two

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the foregoing document was provided via the Court's CM/ECF system to all counsel of record on the 18th day of September, 2015.

/s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY
(Ohio Bar No. 0071629)
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
Kinsleylawofffice@gmail.com

Counsel for Plaintiffs John Doe and John Doe Two